MEDINA LAW FIRM LLC
The Chrysler Building
405 Lexington Ave.
Seventh Floor
New York, NY 10174
Tel. (212) 404-1742
Fax. (888) 833-9534
*Attorneys for Defendant*
*Royal Caribbean Cruises, Ltd.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| SHARON DAVIS and MITCHELL MERCER, husband and wife,<br>　　　Plaintiffs,<br><br>　　　　　　vs.<br><br>ROYAL CARIBBEAN INTERNATIONAL And JOHN DOE OWNERS (1-10) and/or RESPONSIBLE PARTIES (1-10),<br><br>　　　Defendants. | Civil Action No.<br><br>Removed From:<br><br>Superior Court of New Jersey<br>Law Division: Mercer County<br>Docket No.: MER-L-2925-12<br><br><br>**NOTICE OF REMOVAL** |

To:   Gaylord Popp, LLC
　　　850 Bear Tavern Road
　　　Suite 308
　　　Trenton, New Jersey 08628
　　　Attn: Lawrence Popp, Esq.
　　　Attorneys for Plaintiffs

　　　Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Royal Caribbean Cruises International ("RCI" or "Defendant RCI") located at 1050 Caribbean Way, Miami, FL 33130 hereby removes the above captioned civil action and all claims and causes of action therein from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey. As grounds for removal, Defendant RCI states as follows:

1

1. On or about December 13, 2012, plaintiffs Sharon Davis and Mitchell Mercer (collectively, "Plaintiffs") commenced this action by filing a complaint with the Superior Court of New Jersey, Law Division, Mercer County, Docket No. MER-L-2952-12 (the "Complaint"). The summons and complaint in the action are annexed hereto as **Exhibit "A."**

2. The Complaint alleges, among others, that the Plaintiffs were injured on a sea bound cruise ship owned by Defendant RCI.

3. This Notice of Removal is being filed in the United States District Court for the District of New Jersey within thirty days of receipt of the Complaint pursuant to 28 U.S.C. §1446(a) and (b). Defendant RCI recieved notice of the Complaint on December 26, 2012.

4. This action is within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1333 because it involves claims that arise and must be adjudicated pursuant to federal maritime law between passengers and carriers concerning injuries alleged to have occured onboard a sea going vessel. *Lurie v. Norwegian Cruise Lines, Ltd*., 305 F. Supp. 2d 352, 356 (S.D.N.Y. 2004); *Vavoules v. Kloster Cruises Ltd*., 822 F. Supp. 979, 982 (E.D.N.Y. 1993). This action is removable pursuant to 28 U.S.C. § 1441(a) which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a).

5. Removal is also appropriate on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332 as the Plaintiffs allege that they are citizens of the State of New Jersey and Defendant RCI is a Liberian Corporation, with its principal place of business in the United States in the State of Florida. Defendant RCI further submits that the amount in controversy exceeds $75,000 as, although the Plaintiff's complaint fails to set forth a monetary demand, it nevertheless makes claims for

injuries suffered and medical bills and costs resulting from alleged permanent and severe injuries. *See* Complaint at ¶¶1, 11.  Additionally, the Plaintiff's initiated the Complaint in the Law Division of the Superior Court of New Jersey, this State's court of general jurisdiction adjudicating claims in excess of $15,000.  *See County of Washington vs. U.S. Bank Nat'l Assoc.*, 2012 U.S. Dist. Lexis 125748 (August 17, 2012); *see also* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Public Law No. 112-63, Dec. 7, 2011; 28 U.S.C. §1446(c).  Accordingly, Defendant RCI submits that the amount in controversy comports with 28 U.S.C. § 1332.

6. In accordance with 28 U.S.C. §1446(a) Exhibit A includes filed stamped copies of all process, pleadings and orders recieved by Defendant RCI.

7. Defendant RCI will promptly serve a copy of this Notice of Removal on Plaintiffs" counsel and file with the Clerk of the Superior Court of New Jersey, Mercer County a Notice of Filing of Notice of Removal Pursuant to 28 U.S.C. § 1446(d).

8. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 *See* 28 U.S.C. 1446(a).

**WHEREFORE**, this action should proceed in the United States District Court for the District of New Jersey as an action properly removed hereto.

                                              MEDINA LAW FIRM LLC
*Attorneys for Defendant*
*Royal Caribbean International*

By  */s/ Eric S. Medina*
    Eric S. Medina, Esq.
    MEDINA LAW FIRM LLC
    The Chrysler Building
    405 Lexington Ave.
    Seventh Floor
    New York, NY 10174
    Tel. (212) 404-1742
    Fax. (888) 833-9534
    emedina@medinafirm.com

Dated: January 25, 2013