NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON DAVIS and MITCHELL MERCER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL CARIBBEAN INTERNATIONAL AND JOHN DOE OWNERS (1-10) and/or RESPONSIBLE PARTIES (1-10),<br><br>Defendants. | Civil Action No.: 13-cv-523 (PGS)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant Royal Caribbean Cruise LTD.'s ("Defendant" or "Royal Caribbean") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to transfer venue to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404(a), as per a forum-selection clause in its cruise Ticket Contract. Royal Caribbean argues that the forum-selection clause is valid and enforceable. Sharon Davis ("Davis") and Mitchell Mercer ("Plaintiffs") contend that while it is evident that the cruise ticket language provides for the Miami, Florida venue, it would be extremely inconvenient for the Plaintiffs and their witnesses; and therefore, the clause is not enforceable. After careful consideration of the pleadings and the parties' written submissions, and without holding oral argument pursuant to Local Civil Rule 78.1, the Court grants Royal Caribbean's motion to transfer to the Southern District of Florida, Miami Division for the reasons set forth below.

I.

Plaintiff's Complaint alleges that Royal Caribbean was negligent on or about December 15, 2010 in that Royal Caribbean: (1) failed to make proper observations; (2) failed to keep Davis safe from harm; (3) was in disregard of the rights of others; and (4) was negligent and careless in that it failed to provide a safe and non-hazardous premise. As a direct and proximate result of Defendant's negligence, Davis suffered severe bodily injury and resulting pain and suffering, disability, mental anguish, capacity for the loss of enjoyment of life, and incurred medical costs and expenses. The Complaint also contains a loss of consortium claim alleging that, as a direct and proximate result of Royal Caribbean's negligence, Davis' husband has been deprived of his wife's society, services, and consortium.

II.

Royal Caribbean asserts that the forum-selection clause in its Ticket Contract is valid and enforceable. The terms and conditions of the Ticket Contract were reasonably communicated to Davis. The ticket was purchased on November 11, 2009 and then mailed to Davis. Affidavit of David Banciella ("Banciella Aff."), ¶ 3. In order to board the vessel, Davis signed a Ticket Acknowledgment Card indicating that she had been advised to read the terms of their Ticket Contracts. *Id*. at ¶ 9. Finally, the terms and conditions of the Ticket Contract are available on Royal Caribbean's website and any person is able to access it at any time. *Id*. at ¶ 8. The Ticket Contract provided to and signed by Davis provided warnings to her and directed her to carefully read the terms and conditions set forth in the Ticket Contract. *Id*. at ¶¶ 2-8. The Notice on the Cover Page of the Ticket Contract also advised Davis to pay particular attention to specific enumerated sections that limited Royal Caribbean's liability and Davis's right to sue. *Id*. at ¶ 4.

Plaintiffs note that 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs contend that while it is evident that the cruise ticket language provides for the Miami, Florida venue, this would be extremely inconvenient for Davis and her witnesses. All of Davis's medical care was rendered in the Trenton, New Jersey geographic area. Davis and her witnesses to the accident reside in/or around the Trenton and Lakewood areas of New Jersey. Plaintiffs also contend that the only party for which Miami, Florida is convenient is the Defendant and that the transfer of this matter serves only to seriously restrict their chances of successfully prosecuting her claim.

Davis also contends that she did not participate in the booking of the cruise except to pay the agreed funds for the group cruise to the pastor of her church, Reverend Arlene White. Davis asserts that she was never directly provided nor has she ever seen any ticket for the cruise as Reverend White made and booked all the travel arrangements for the Church Group. Davis and the other members of the Church Group flew to Miami and boarded the cruise ship, Oasis of the Seas, as a group on or about December 11, 2010. Upon boarding, Davis provided the Royal Caribbean representative with her passport and a State of New Jersey identification card. Davis did not sign any documents upon boarding either directly or electronically.

III.

28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or division to which all parties have consented." A forum-selection clause is treated as a manifestation of the parties' preference as to a convenient forum. *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879 (3d Cir. 1995). The parties' agreement as to

the most proper forum does not receive dispositive weight, but is entitled to serious consideration. Id. The presumption of validity of a forum-selection clause may be overcome if it is "shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 10 (1972). The Supreme Court has construed this exception narrowly: forum-selection clauses are unreasonable: (1) if the clause was procured through "fraud or overreaching," *Veverka v. Royal Caribbean Cruises LTD*., 2012 U.S. Dist. LEXIS 175660 (D.N.J. December 11, 2012) (quoting *The Bremen*, 407 U.S. at 12-13); (2) if the forum is "so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived his day in court," Id. (quoting *The Bremen*, 407 U.S at 5) (emphasis added); (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy, *Id.*; See also *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 596-97 (1991); or (4) if the clause contravenes strong public policy of the forum state. *Id*; See also *The Bremen*, 407 U.S at 15.

When a forum-selection clause is valid, the plaintiff bears the burden of demonstrating why they should not be bound by their contractual choice of forum. *Jumara*, 55 F.3d at 880. The challenger bears a "heavy burden" to establish the serious inconvenience of the contractual forum in determining the reasonableness of the forum clause." *Id*. at 10. The lynchpin issue is the reasonableness of the forum-selection clause, and specifically whether the forum is so gravely difficult and inconvenient that the plaintiff will be deprived her day in court. *Veverka*, 2012 U.S. Dist. LEXIS 175660.

IV.

First, the parties argue as to whether the forum-selection clause is reasonably communicated within the contract. The Court agrees with the Defendant that the ticket contract

was reasonably communicated. The forum-selection clause is clearly displayed on the Ticket Contract as the first paragraph cautions the guests to their limitations to sue in bold capital letters. Further, the first paragraph also directs the reader to Section 9, also in capital letters, which clearly sets forth the forum-selection clause. Plaintiffs' only argument in support of invalidating the forum-selection clause is that Davis has never been provided, reviewed, or was aware of the cruise ticket let alone the forum-selection clause language. This argument fails because "the law does not require parties actually to read or bargain over each term of a contract for it to be enforceable, the critical inquiry is whether the provision had been reasonably communicated by the agreement, not whether the party actually read it or bargained for it." *Wilson of Wallingford, Inc. v. The Reliable Data Systems, Inc.*, 1995 U.S. Dist LEXIS 18191 (D.N.J. 1995) (quoting *Marek v. Marpan II, Inc*., 817 F.2d 242 (3d Cir. 1987)).

Having concluded that the forum-selection clause was not procured through fraud or over-reaching and is valid and enforceable, the issue before the Court is whether Plaintiffs would be unduly burdened by litigating this case in Miami, Florida. The Court finds that Plaintiffs have not sustained their heavy burden by establishing that the contractual forum is so gravely difficult and inconvenient that they will be deprived their day in court. Plaintiffs have made no showing through affidavits or otherwise that the Southern District of Florida would be unduly burdensome as to render the forum-selection clause unenforceable. All Plaintiffs do here is demonstrate that Davis's medical care was rendered in New Jersey and all of her witnesses reside in/or around the Trenton and Lakewood areas of New Jersey. Davis does not demonstrate how severe her medical condition was or how it would keep her from traveling to Miami, Florida for the litigation. Davis also does not demonstrate what expenses she and her witnesses would have to incur by traveling to Florida and how those expenses would unduly burden them. Lastly,

Plaintiffs contend that the only part to which Miami, Florida, is convenient is the Defendant, but this does nothing to demonstrate that traveling to Miami, Florida is a severe burden to them. Thus, Plaintiffs have not met their burden of establishing that Miami, Florida is an inconvenient forum that would invalidate the agreed upon forum-selection clause. Accordingly, the forum-selection clause is valid and enforceable.

V.

For the reasons stated above, the Court holds that Plaintiffs have not met their burden of establishing that the Miami, Florida is unduly burdensome. Accordingly, Royal Caribbean's motion to transfer is granted, and this matter is transferred to the United States District Court for the Southern District of Florida.

ORDER

This matter having come before the Court on Defendant Royal Caribbean Cruise LTD.'s ("Defendant" or "Royal Caribbean") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to transfer venue to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404(a); and for the reasons set forth above;

IT IS on this 15th day of July, 2013;

ORDERED that Defendant's motion to transfer venue to the United States District Court for the Southern District of Florida. (ECF No. 7) is granted.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.